# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GOULD,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Defendants. | CASE NO. 07CV1039-LAB (WMC)<br><br>**ORDER GRANTING MOTION FOR INSTRUCTIONS; AND**<br><br>**ORDER SETTING DEADLINES FOR OBJECTIONS AND CLAIMS** |

After the Court awarded $10,068.88 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), Plaintiff disclaimed any interest in them, saying that by the terms of his retainer agreement, they belong to his attorney Mary Adele Mitchell. Another attorney has been substituted in as counsel in place of Mitchell, and has unsuccessfully attempted to contact her or notify her of the award. Defendant's counsel has filed a motion seeking further instructions about what to do. Defendant stands ready to pay the fees, but thus far they have been unclaimed.

Courts have been confronted with cases where a plaintiff or other claimant cannot be found. *See, e.g., Massey v. Wal-Mart Stores, Inc.*, 2017 WL 2539832 (N.D. N.Y. May 5, 2017); *Wiggins v. Daymar Colleges Group, LLC*, 317 F.R.D. 42 (W.D. Ky. 2016). While Mitchell herself was not a party, Plaintiff's filings make clear she is in a comparable position. But this case is somewhat different because an award has already been made.

Plaintiff's fee motion did not allege bad faith or any facts that would support an award of fees as a sanction. Rather, the fee award was made in furtherance of the EAJA's purpose to eliminate barriers that prevent small businesses and individuals from securing vindication of their rights in proceedings by or against the government. *See Scarborough v. Principi*, 541 U.S. 401,406 (2004). The EAJA is applied with equitable considerations in mind. 422–23. The purpose of eliminating barriers is served by making a fee award available, which has been done here.

Of course in nearly all cases, the fee award will be claimed. But here, the Plaintiff through counsel has apparently disclaimed any right to the fees, and neither Mitchell nor any of her successors in interest have appeared or can be found. Under 28 U.S.C. § 2412(d)(1)(A), the Court can decline to award fees if "special circumstances" would make an award unjust. Under the unusual circumstances here, the purpose of the statute would not be served by providing a windfall to the Plaintiff. Nor would it be served by requiring the government either to pay some other party under a *cy pres* arrangement or to sequester the money indefinitely.

California has an Unclaimed Property Law, Cal. Civ. Code §§ 1501, *et seq.* under which unclaimed property can be transferred to the Controller and possibly reunited with its owner. The Court is not inclined to utilize this procedure, however. First, as it exists now, the award is only a right to receive money. Only if the money is actually paid will there be property to deposit with the Controller. Second, because efforts to notify Mitchell have been unavailing, it seems unlikely the Controller's efforts will meet with any success. And third, if the fees are paid and remain unclaimed, they will escheat to the state of California. The EAJA's purposes would not be served by this.

The Court instead proposes to set a deadline for making a claim to the fee award. If the fees go unclaimed, the Court under 28 U.S.C. § 2412(d)(1)(A) will determine that special circumstances make a fee award unjust and will rescind its fee award. If any party objects to this proposal, they must file a written objection by **August 3, 2018**.

/ / /

Assuming no objections are filed, the deadline for claiming all or part of the fees will be **Friday, September 14, 2018**. If Mitchell, Plaintiff, or anyone else wishes to claim all or part of the fees, they shall file a claim by that date. If no claims are filed, the fee award will be rescinded.

Counsel for the government shall mail a copy of this order to any known addresses for Mitchell. If counsel for either party are aware of any other reasonable way of notifying Mitchell or her successors, they are directed to make efforts to do so.

**IT IS SO ORDERED**.

DATED: July 12, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge